UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-60313-CR-MARRA/HOPKINS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.

**WILLIAM ALFRED HATCHER, JR.**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

On March 10, 2011, pursuant to the agreement of the parties, the undersigned conducted a hearing to determine whether to accept a guilty plea from Defendant WILLIAM ALFRED HATCHER, JR. in this case. The government was represented by Assistant United States Attorney Corey Steinberg, Esq. and Defendant was represented by Jonathan Pinoli, Esq. during the hearing. After conducting the hearing, the undersigned hereby recommends to United States District Court Judge Kenneth Marra that the Court accept Defendant WILLIAM ALFRED HATCHER, JR.'s change of plea in this case for the following reasons:

1.    At the outset of the hearing, the undersigned advised Defendant of his right to have the change of plea hearing conducted by the Honorable Judge Kenneth Marra, the United States District Court Judge assigned to the case. Further, the undersigned advised Defendant that this Court was conducting a change of plea at the request of Defendant, Defendant's attorney, Mr. Pinoli, and the Assistant United States Attorney, Ms. Steinberg. The undersigned further advised Defendant that Judge Marra would be the sentencing judge and that he would make all findings and rulings concerning Defendant's sentence and that he would conduct a sentencing hearing at a time set by the District Court.

2.	The undersigned advised Defendant that he did not have to permit the undersigned United States Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted only by a United States District Judge. Defendant, Mr. Pinoli and Ms. Steinberg all agreed on the record and consented to this Court conducting the change of plea hearing.

3.	Following the parties' consent on the record, the undersigned conducted a thorough plea colloquy in open court. The undersigned further inquired into Defendant's desire to change his plea. Defendant apprised the Court that he had reviewed the plea agreement, that he understood and agreed with its terms, that he acknowledged those terms and that he freely, knowingly and voluntarily signed the agreement.

Defendant further acknowledged that he was satisfied with the services of his attorney and that he had a full opportunity to discuss all facets of his case with his attorney including the plea agreement. The undersigned questioned Defendant whether he was under the influence of any drugs or medication that would affect his ability to understand or appreciate his plea. Defendant emphatically denied that he was under the influence of any drugs or medications that would affect his ability to appreciate the nature, significance, importance and consequences of the change of plea proceedings.

Defendant advised the Court that he has a bachelor's degree in education. Based on Defendant's education, his demeanor and his responses and statements during the change of plea hearing, I find Defendant to be mentally competent.

4. The government made a factual proffer of the allegations against Defendant in open court. The government's proffer provided a factual basis for the entry of the plea that included all of the essential elements of the crime to which Defendant is pleading guilty and any sentencing enhancements and/or aggravating factors that may be applicable. Defendant also signed a Stipulated Factual Basis document which sets forth the factual evidence in this case. During the hearing, Defendant acknowledged that he freely and voluntarily signed the Stipulated Factual Basis and he agreed with the facts therein.

5. There is also a written plea agreement that was entered into by the parties in this case. The agreement is part of the record in this case. **[See DE # 23]**. The undersigned reviewed the plea agreement on the record and asked Defendant to acknowledge that he had willingly signed the plea agreement. Defendant acknowledged that he willingly signed the plea agreement.

The undersigned also made certain that Defendant was aware of any minimum mandatory sentences or maximum sentences that could be imposed in this case pursuant to the plea agreement and the applicable statutes. Defendant acknowledged that he understood the possible minimum and maximum sentences and penalties that could be imposed in this case.

6. Defendant pled guilty to Count I of the Indictment which charges Defendant with knowingly distributing any visual depiction that has been shipped and transported in interstate and foreign commerce, by any means, including by computer, and the production of such visual depiction involved the use of a minor engaging in sexually explicit conduct, in violation of in violation of 18 U.S.C. § 2252(a)(2).

7. Based upon the foregoing and the plea colloquy of Defendant conducted in open court, it is recommended that the Court find that Defendant WILLIAM ALFRED HATCHER, JR. freely and voluntarily entered his plea of guilty to Count I of the Indictment, that Defendant WILLIAM ALFRED HATCHER, JR.'s guilty plea be accepted, that Defendant WILLIAM ALFRED HATCHER, JR. be adjudicated guilty of such offense, and that a sentencing hearing be conducted for a final disposition of this matter.

The parties have fourteen (14) days from the date of this Report and Recommendation to file written objections, if any, with United States District Court Judge Kenneth Marra. *See* 28 U.S.C. § 636 (1991). The parties are warned that the failure to file timely objections may bar the parties from attacking the appeal the factual findings contained therein. *See LeConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988).

Respectfully submitted this 15th day of March, 2011.

PETER R. PALERMO
SR. UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Jonathan Pinoli, Esquire
Assistant United States Attorney Corey Steinberg, Esquire